IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL SUPICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-2096-JAR ) |
| KANSAS UNIVERSITY MEDICAL CENTER, et al., | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff Michael Supica, proceeding pro se, filed this case against defendants Kansas University Medical Center, Dr. Norton Greenberger, and Dr. James Rhodes on February 16, 2010. Plaintiff seeks recourse for allegedly inadequate medical care he received at Kansas University Medical Center. Although plaintiff's complaint does not note when he was treated by defendants or when he began experiencing health problems as a result of such treatment, plaintiff filed his medical records as a supplement to his complaint (doc. 9). The medical records indicate that plaintiff was treated at Kansas University Medical Center from 1984 to 1991.

The statute of limitations in Kansas for medical malpractice claims is two-years,[1] and commences, at the latest, when a plaintiff is reasonably able to ascertain that he

---

[1] *See* K.S.A. § 60-513(a)(7); *Bradley v. Val-Mejias*, 379 F.3d 892, 897 (10th Cir. 2004) (discussing the Kansas statute of limitations for medical malpractice claims).

sustained injuries as a result of a defendant's treatment.[2] Based on the medical records submitted by plaintiff, it appears that his medical malpractice claims are barred by the two-year statute of limitations. Plaintiff filed this action nearly twenty years after his medical records show he was last treated by defendants.

Due to the statute of limitations bar, the undersigned recommends that United States District Judge Julie A. Robinson dismiss this case as frivolous[3] unless plaintiff shows cause by **March 12, 2010**, why the case should not be dismissed.[4]

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If plaintiff does not timely file his objections, no court will allow appellate review.

The clerk shall mail copies of this order to plaintiff by regular and certified mail.

---

[2]*See* K.S.A. § 60-513(c); *Bradley*, 379 F.3d at 898 ("The fact of injury is reasonably ascertainable when objective knowledge of the injury, not the extent of the injury, is known.") (internal quotations and citation omitted).

[3]28 U.S.C. § 1915(e)(2)(B)(i) states that a court shall dismiss a proceeding in forma pauperis at any time the court determines that the action is frivolous. Plaintiff has not paid the filing fee in this action, and his motion to proceed in forma pauperis (doc. 3) is pending.

[4]*See Supica v. Olathe Medical Center, Inc.,* No. 10-2056-CM, slip op. at 2 (D. Kan. Feb. 25, 2010) (finding plaintiff's medical malpractice claims barred by the statute of limitations and dismissing the case).

Dated February 25, 2010, at Kansas City, Kansas.

    s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge