ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL SUPICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-2096-JAR |
| KANSAS UNIVERSITY MEDICAL CENTER, et al., | ) ) ) |
| Defendant. | ) ) ) |

## **MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff filed this matter *pro se* on February 16, 2010, alleging claims for medical malpractice against defendants Kansas University Medical Center, Dr. Norton James Greenberger and Dr. James Rhodes. In a Report and Recommendation filed on February 25, 2010 (Doc. 10), Magistrate Judge O'Hara recommended that the case be dismissed as frivolous. This matter is currently before the Court upon plaintiff's *pro se* filing of March 9, 2010, which the Court construes as an Objection to the Report and Recommendation (Doc. 12).

The standards the Court must employ when reviewing objections to a report and recommendation are clear.[1] Only those portions of the report and recommendation identified as objectionable will be reviewed.[2] The review of those identified portions is *de novo* and the Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation."[3]

---

[1] *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

[2] *See Garcia v. City of Albuquerque*, 232 F.3d 760, 767 (10th Cir. 2000); *Gettings v. McKune*, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).

[3] *See Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted).

Judge O'Hara recommended dismissal because plaintiff's case is clearly barred by the applicable statute of limitations. Under Kansas law, the statute of limitations for medical malpractice claims is two years,[4] which commences:

> at the time of the occurrence of the act giving rise to the cause of action, unless the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action.[5]

Judge O'Hara found that plaintiff filed this action nearly twenty years after he was treated by defendants according to the medical records submitted along with his Complaint.

The Court may *sua sponte* dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) "when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile."[6] The Court has conducted a *de novo* review of the record, including the medical records submitted with plaintiff's Complaint. These documents indicate that the medical care plaintiff complains of occurred much more than two years prior to the filing of the Complaint. The Court has also considered plaintiff's filing in response to Judge O'Hara's report and recommendation and finds that plaintiff provides no further facts in this response that suggest his claim arose within the statute of limitations. For these reasons, the Court adopts Judge O'Hara's Report and Recommendation and dismisses

---

[4]K.S.A. § 60-513(a)(7).

[5]*Id* § 60-513(c).

[6]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Dismissal in this case is pursuant to Rule 12(b)(6) because this is not a proceeding in forma pauperis since plaintiff's motion to proceed in forma pauperis remains pending. *See* 28 U.S.C. § 19152(e)(2)(B).

plaintiff's Complaint as frivolous pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS THEREFORE ORDERED** that plaintiff's Objection to the Report and Recommendation (Doc. 12 ) shall be denied.

**IT IS FURTHER ORDERED** that the February 25, 2010 Report and Recommendation (Doc. 10) shall be adopted by the Court as its own. Plaintiff's Complaint shall be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 3) and Motion to Appoint Counsel (Doc. 5) are denied as moot.

**IT IS SO ORDERED.**

Dated: March 30, 2010

 S/ Julie A. Robinson
 JULIE A. ROBINSON
 UNITED STATES DISTRICT JUDGE